IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JINGPEI ZHANG,

    Petitioner,        No. 2:11-cv-2811 KJN P

    vs.

JAMES HARTLEY, Warden,      ORDER

    Respondent.

_____/

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. Petitioner filed an opposition to the motion, and respondent filed a reply. For the reasons set forth below, respondent's motion is granted.

II. Legal Standards

    On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled no contest to two counts of sex offenses against a child under age fourteen.  (Respondent's Lodged Document ("LD") 1.)  On September 3, 2009, petitioner was sentenced to a determinate prison term of eight years.  (Id.)  Petitioner did not appeal the conviction.

2. On November 18, 2009,[1] petitioner filed a request for permission to file an untimely appeal.  (LD 2.)  The request was endorsed by the Court Clerk on December 9, 2009.  (LD 2.)  On December 31, 2009, petitioner's motion to file an untimely appeal was denied by the California Court of Appeal, Third Appellate District.  (LD 3.)

---

[1] This filing date, and the dates set forth for subsequent filings by petitioner during his incarceration, apply the mailbox rule.  Rule 3(d), Rules Governing § 2254 Cases.

3. On December 26, 2010, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  (LD 4.)  On February 10, 2011, the petition was denied, citing, *inter alia*, In re Robbins, 18 Cal.4th 770, 811-12 n.32 (1998), and In re Clark, 5 Cal.4th 750, 774-75 (1993).  (LD 5.)

4. On March 18, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District.  (LD 6.)  On March 24, 2011, the petition was denied without prejudice to the filing of a new petition in the Court of Appeal, Third Appellate District.  (LD 7.)

5. On April 15, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 8.)  The petition was denied without comment on September 21, 2011.  (LD 9.)

6. The instant action was filed on October 8, 2011.  (Dkt. No. 1 at 6.)

IV.  Statutory Tolling

The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law.  Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011) (citing, *inter alia*, Pace, 544 U.S. at 417).  Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- [only] so long as the filing is timely under California law."  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

A.  Analysis

Petitioner claims he became aware of the deadline to appeal the state court

judgment when he was first interviewed by his counselor upon reception at the California Correctional system on November 2, 2009. (Dkt. No. 13 at 1-2.) Petitioner concedes his appeal was untimely filed, but contends that none of his state habeas filings were filed late. (Dkt. No. 13 at 2.) Petitioner argues that none of the state courts found petitioner's filings untimely, and appears to argue he is entitled to equitable tolling based on the fact that he is a Chinese immigrant, and is unfamiliar with the laws of the United States or the deadlines for compliance. (Id. at 1.) Respondent counters that petitioner's state habeas filings were untimely, and the instant petition is untimely, and that petitioner is not entitled to equitable tolling. Therefore, the court will first analyze the issue of statutory tolling, and will then determine whether petitioner is entitled to equitable tolling.

Petitioner's conviction became final on November 2, 2009, sixty days after the period for filing a direct appeal expired. See Cal. Rules of Court 8.308 (formerly Rule 30.1). The AEDPA statute of limitations period began to run the following day, on November 3, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on November 3, 2010.

i. Petitioner's request to file a late appeal

Petitioner bears the burden of proving that the statute of limitation was tolled. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005). Here, petitioner does not contend that the period during which his request to permit the late filing of an appeal tolled the federal statute of limitations period. As explained below, such an argument would be unavailing.

It appears that the Supreme Court and the Court of Appeals for the Ninth Circuit have not ruled on this question.[2] However, as a matter of first impression, a panel from the Court

---

[2] The Supreme Court has ruled on the opposite scenario. Jimenez v. Quarterman, 555 U.S. 113 (2009). "[W]here a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."

4

of Appeals for the Second Circuit held that "the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period." Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. 2002). The policy against allowing a tolled statute of limitations for such motions is that state prisoners could abuse the statute of limitations. See Pace, 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state post-conviction petitions.") In addressing a case where a state court granted a habeas petitioner permission to file a late appeal, the Supreme Court noted its previous holding "that the *possibility* that a state court *may* reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal.'" Jimenez, 555 U.S. at 120 n.4 (emphasis added), citing Beard v. Banks, 542 U.S. 406, 412 (2004).[3]

Because the filing of the motion to file a late appeal offered only the possibility that the appeal period would be reopened, and tolling under this circumstance would present an opportunity to abuse the statute of limitations period, this court finds that petitioner is not entitled to tolling for the period of time his motion to file a late appeal was pending.[4]

## ii. Petitioner's habeas filings in state court

Petitioner is not entitled to statutory tolling for the period of time his state petitions for writ of habeas corpus were pending because petitioner did not file the first petition until December 26, 2010, after the statute of limitations period expired. State habeas petitions filed after the one-year statute of limitations period expires do not revive the statute of

---

Jimenez, 555 U.S. at 120 n.4; see also Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (no statutory tolling applies for the gap period between when the time for appeal has expired and when the state appellate court granted a motion to file a late appeal because nothing was "pending" before a state court).

[3] The Supreme Court addressed the retroactive application of Teague v. Lane, 489 U.S. 288 (1989), to cases on collateral review in Beard. Id., 542 U.S. at 412.

[4] In addition, as noted by respondent, petitioner discovered the deadline to appeal on November 2, 2009, the last day petitioner had to appeal. Petitioner could have mailed his appeal to the state court on November 2, 2009, and, under the mailbox rule, such an appeal would have been timely.

5

limitations, and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing of state habeas petition subsequent to the expiration of AEDPA's one-year time period bars federal habeas review). Here, although the statute of limitations period expired on November 3, 2010, petitioner did not file the instant petition until almost a year later, on October 8, 2011.

B. Conclusion

For all of the above reasons, this action is time-barred unless petitioner can demonstrate that he is entitled to equitable tolling or some other exception to the limitations bar.

V. Equitable Tolling

Petitioner contends he is a Chinese immigrant who had not violated the law in China or in the United States until the events underlying the instant conviction. Petitioner claims that he has "no sense of court hearing, trial, sentencing and appeal, not to mention the time-line for each of the above." (Dkt. No. 13 at 1.) Respondent argues that petitioner is well-educated, and that at the time petitioner filed his first habeas petition, petitioner had been in the United States for sixteen years. Respondent contends petitioner fails to demonstrate incapacity based on his ethnicity, and that lack of knowledge concerning state or federal law is not a basis for equitable tolling.

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." Id. To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The Ninth Circuit explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an

6

external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to show that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." Spitsyn, 345 F.3d at 802. The "extraordinary circumstances" prong in Pace requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Pace, 544 U.S. at 419 ("petitioner's lack of diligence precludes equity's operation.").

### A. Diligence

The record demonstrates that petitioner was not diligent. In his opposition, petitioner fails to explain why he could not file his state habeas petition while awaiting the

outcome of his request for leave to file a late direct appeal. Also, petitioner does not explain why he did not file his first petition for writ of habeas corpus in state court shortly after petitioner learned he was denied permission to file a late appeal. His request was denied on December 31, 2009, yet petitioner fails to explain why he waited almost a year before filing his first state habeas petition on December 26, 2010. Thus, petitioner fails to demonstrate that he was diligent throughout the statute of limitations period, and, therefore, petitioner is not entitled to equitable tolling.

Petitioner was represented by private defense counsel in the underlying criminal proceedings.[5] In the declaration supporting petitioner's motion for late appeal, petitioner claims he was misled to believe he was unable to appeal if he took the plea agreement. (LD 2.) But in the motion, petitioner claims he relied on his trial attorney to file an appeal. (LD 2.) In either event, the receipt of faulty legal advice from defense counsel does not support a claim of equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Any potential error by counsel also does not provide a basis for equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Finally, petitioner argues that none of his state habeas petitions were denied as untimely, and appears to argue that this alleged fact supports his claim of diligence. However, petitioner is mistaken. The Sacramento County Superior Court expressly stated that the petition was untimely, noting petitioner waited until after one year had passed before filing the state habeas petition. (LD 4.) The citation to Clark, in the California Supreme Court decision, stands for the same proposition. (Id.) An untimely petition is not deemed as properly filed and will not entitle petitioner to statutory tolling. See Clark, 5 Cal. 4th at 750 (absent justification, untimely habeas petition will be summarily denied); Allen v. Siebert, 552 U.S. 3, 7 (2007) ("'When a postconviction petition is untimely under state law, 'that [is] the end of the matter'" for purposes

---

[5] The sentencing transcript does not mention an appeal, and does not state that petitioner waived his right to appeal as part of the plea agreement. (LD 1.)

of § 2244(d)(2).'" (quoting Pace, 544 U.S. at 414)). The decision by the California Supreme Court can also be viewed as a denial on the basis of untimeliness. Courts "look through" a summary denial to the last reasoned decision. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Thus, the California Supreme Court's denial is assumed to be denied on the same grounds of untimeliness in which the Superior Court held in their reasoned opinion in the first state habeas petition.

However, whether or not petitioner's state habeas petitions were denied as untimely is not relevant to the question of whether petitioner was diligent in challenging his conviction for purposes of the federal statute of limitations analysis. Federal courts apply federal law in determining whether a petitioner is entitled to equitable tolling. Holland, 130 S. Ct. at 2563 ("Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law.") Thus, to the extent petitioner argues the state habeas courts' rulings somehow demonstrate petitioner's diligence, his argument is unavailing.

Because petitioner was not diligent, even if extraordinary circumstances existed, petitioner is not entitled to equitable tolling. Pace, 544 U.S. at 419.

B. Extraordinary Circumstances

Also, petitioner's lack of knowledge of the law does not establish "extraordinary circumstances" preventing him from timely filing a federal habeas petition. The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause); Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of

9

1 the law does not constitute such extraordinary circumstances." (Citations omitted.); <u>Sperling v.</u>
2 <u>White</u>, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing with approval cases from various
3 circuits rejecting equitable tolling based on petitioner's lack of legal experience or illiteracy).
4       In addition, as respondent argues, the record reflects that petitioner was working
5 as a principal electrical engineer earning $10,000.00 per month at the time he was arrested.  (LD
6 10.)  Petitioner has high school, college, and master's degrees.  (LD 10.)  The state court petitions
7 filed by petitioner without counsel reflect an articulate writer, as well as citations to court rules,
8 and statutes, and petitioner appended pertinent exhibits.  (LD 4, 8.)  Because petitioner is well-
9 educated, was gainfully employed at the time of his arrest, and has been in the United States
10 since about 1994, plaintiff fails to demonstrate how he was incapacitated based on his Chinese
11 heritage.
12       Given the high threshold for equitable tolling, petitioner's claims do not support a
13 finding that extraordinary circumstances stood in his way.
14     C.  <u>Conclusion</u>
15       For all of the above reasons, petitioner is not entitled to equitable tolling.
16 VI.  <u>Order</u>
17       Because this action is barred by the statute of limitations, IT IS HEREBY
18 ORDERED that respondent's December 29, 2011 motion to dismiss (dkt. no. 11) is granted.  The
19 court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.
20 DATED:  February 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24 zhan2811.mtd